NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 25 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PRAFUL DHAVLE, Petitioner, v. TODD BLANCHE, Acting Attorney General, Respondent. | No. 25-4731 Agency No. A220-639-910 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2026**
San Francisco, California

Before: COLLINS, JOHNSTONE, and DE ALBA, Circuit Judges.

Petitioner Praful Dhavle, a citizen of India, petitions for review of a decision

of the Board of Immigration Appeals ("BIA") upholding an order of an

Immigration Judge ("IJ") denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("Torture Convention").

We have jurisdiction under § 242(a) of the Immigration and Nationality Act

("INA"), 8 U.S.C. § 1252(a). We review the agency's legal conclusions de novo

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

and "both [its] underlying factual findings and [its] application of the INA to those findings" for substantial evidence. *Urias-Orellana v. Bondi*, 607 U.S. 537, 545 (2026); *see Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, the agency's determinations "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

Substantial evidence supports the agency's determination that Dhavle's testimony was not credible. *See Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) (holding that adverse credibility determinations are reviewed for substantial evidence). Dhavle's alleged past and feared future harm both arise out of a series of incidents in which he allegedly suffered reprisals for publicly criticizing the ruling Bharatiya Janata Party ("BJP") in India. In his written declaration and in his testimony before the IJ, Dhavle alleged that men working for the BJP kidnapped him, forced him into a car, choked him, slapped him, threatened to shoot him, and warned him to stop his activities opposing the BJP before throwing him from the moving car into the street. In his earlier credible-fear interview, however, Dhavle stated that his captors did not harm him in any way other than slapping him. This discrepancy provides substantial evidence for the agency's conclusion that Dhavle's testimony was not credible. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) ("Although it is true that mere omission of details is

2

insufficient to uphold an adverse credibility finding, an adverse credibility determination may be supported by omissions that are not 'details,' but new allegations that tell a much different—and more compelling—story of persecution than the initial application." (simplified)). Moreover, when the IJ later gave Dhavle an opportunity to explain the discrepancy between his accounts, Dhavle stated that fear of BJP retaliation caused him to omit the more serious harms from his retelling during his earlier credible-fear interview. The agency permissibly rejected this explanation because the supposedly expurgated account that Dhavle gave during his credible-fear interview still directly accused the BJP of wrongdoing. Nothing in the record compels a conclusion contrary to the agency's.

Substantial evidence further supports the agency's conclusion that Dhavle's documentary evidence neither rehabilitated his credibility nor directly established his eligibility for asylum or withholding of removal. In addition to his testimony, Dhavle submitted written statements from his family members, his doctor, and a political party in India. The agency permissibly found these documents insufficiently reliable and gave them little weight. As in *Yali Wang v. Sessions*, 861 F.3d 1003 (9th Cir. 2017), the agency here "evaluated the evidence that [Dhavle] had submitted, along with the totality of the circumstances, and all relevant factors, and concluded that [he] was not credible." *Id*. at 1009 (simplified). The agency may conclude that such documentary evidence is

"entitled to limited weight" where, *inter alia*, "the affidavit[s] and letters provided [are] from interested parties," *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020); where those parties are not "available for cross-examination," *id.*; where the documents "do not reveal any independent knowledge of [the] alleged abuse," *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014); or where "the authenticity of the documents relie[s] on [a petitioner's] discredited testimony," *id.*

"[W]hile ineligibility for asylum and withholding of removal does not necessarily preclude eligibility for [Torture Convention] relief," *Yali Wang*, 861 F.3d at 1009, "[Dhavle's] claims under the [Torture Convention] are based on the same statements, by [Dhavle] and others, that the BIA determined to be not credible," *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003). Apart from those statements, Dhavle's remaining country conditions evidence does not compel the conclusion that he would more likely than not be tortured if removed to India. *See* 8 C.F.R. § 1208.16(c)(2).

**PETITION DENIED.**